**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **ALEX THOMAS and JESUS MUNIZ,** Individually, and on Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiffs,<br><br>　　　v.<br><br>**MATRIX CORPORATION SERVICES, INC., ANTHONY HERNANDEZ, COMCAST CORPORATION, and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC.,**<br><br>　　　　Defendants. | **Case No. 10 C 5093**<br><br>**Hon. Harry D. Leinenweber** |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Plaintiffs' Motion to Certify the Class. For the reasons stated herein, the Motion is granted, albeit with some adjustments to the class.

### I.　BACKGROUND

Matrix Communication Services, Inc. ("Matrix") installs and services cable television for Comcast Corp. and Comcast Cable Communications Management, LLC (collectively, "Comcast") on a contractual basis. Defendant Anthony Hernandez ("Hernandez") is President and owner of Matrix. Prior to April 1, 2009 ("Pre-Transition"), Matrix used technicians that it characterized as independent contractors (such as Plaintiff Alex Thomas ("Thomas")) to connect and repair Comcast service for Comcast

customers.  The technicians were paid on a per-job basis.  On and after April 1, 2009, ("Post-Transition") Matrix reclassified those technicians as employees and paid them hourly, with additional compensation possible on a per-job basis, depending on their efficiency.  One of those Post-Transition employees was Plaintiff Jesus Muniz ("Muniz").  Thomas' association with Matrix lasted from January 2008 through May 2008 – entirely before the reclassification.  Muniz began working for Matrix in June 2009 – entirely after the reclassification.

Plaintiffs allege the pre-April 1, 2009 designation of technicians as independent contractors was improper.  They argue that hourly wages and overtime, rather than payment-per-job, was required.  Even after the conversion, they allege, Matrix failed to pay employees overtime and keep track of the true number of hours worked.  They also allege Defendants continued to make deductions from Plaintiffs' paychecks that were inappropriate for employees, such as deductions for equipment rental.

Plaintiffs bring three class-action counts:  (1) violation of the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115 *et seq.* (the "IWPCA"); (2) violation of Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105 *et seq.* (the "IMWL"); and (3) violation of the Illinois Employee Classification Act, 820 Ill. Comp. Stat. 185/1 *et seq.* (the "IECA").  Individually, Plaintiffs allege violation of the Fair Labor Standards Act, 29 U.S.C. § 201

*et seq.* (the "FLSA"). Comcast has already settled this lawsuit with Plaintiffs; only Matrix and Hernandez remain as Defendants.

Plaintiffs seek to certify a class defined as follows:

> All individuals who are currently employed or were employed by one or more of the Defendants, its subsidiaries or affiliated companies, in the state of Illinois as a technician or other position performing similar responsibilities for the Defendants at any time during the relevant statute of limitations period.

Plaintiffs have identified the following issues of law that they believe are common to the class:

(1) whether Defendants improperly classified Plaintiffs and other technicians as independent contractors under either the IECA or the economic realities test of the IMWL;

(2) whether Defendants failed to maintain true and accurate records of technician time actually worked;

(3) whether Defendants failed to adequately compensate the cable technicians for all work performed, including hours worked over forty per week; and

(4) whether Defendants made improper deductions from technician compensation.

Defendants oppose class certification on the grounds that it is undisputed that Muniz was never regarded as an independent contractor (and thus his overtime question, for example, does not turn on whether he was improperly classified as an independent contractor.

## II. **LEGAL STANDARD**

A class can be certified when it meets all of the four Rule 23(a) threshold requirements and falls one of the Rule 23(b) categories. *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992); F<small>ED</small> R. C<small>IV</small>. P. 23. Rule 23(a) requires (1) numerosity, (2) commonality, (3) typicality, and (4) fair and adequate representation. *Rosario*, 963 F.2d at 1017. Rule 23(b)(3), the category Plaintiffs seek here, allows for certification if "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for . . . adjudicating the controversy." F<small>ED</small> R. C<small>IV</small>. P. 23(b)(3).

## III. **ANALYSIS**

Defendants oppose class certification on the grounds that it is undisputed that Muniz was never classified as an independent contractor. This, they argue, precludes class certification because Plaintiffs cannot meet the Rule 23(a) commonality requirement or the Rule 23(b)(3) predominance requirement. Defendants do not contend Plaintiffs have failed to meet the other Rule 23(a) requirements, nor does the Court's review see such problems, so the Court confines its opinion to the disputed areas.

### A. Commonality and Predominance Inquiries

The commonality inquiry focuses on whether a class-wide proceeding will generate common answers apt to drive the resolution of the litigation. *Jacks, et al. v. Directsat USA, LLC et al.*, No. 10-1707, 2012 U.S. Dist. LEXIS 86422, at *9 (N.D. Ill. Jun. 19, 2012) (citing *Wal-Mart, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011)).

The predominance requirement is similar to the commonality requirement, but the predominance criterion is far more demanding. *Jacks*, at *9-10. The "predominance requirement is satisfied when common questions represent a significant aspect of a case and can be resolved for all members of a class in a single adjudication. Or to put it another way, common questions can predominate if a common nucleus of operative facts and issues underlies the claims brought by the proposed class." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 815 (7th Cir. 2012).

The Court agrees with Defendants that there are at least two separate sets of circumstances and types of inquiries that must be undertaken for the time period in question to determine if Defendants violated the law. In Plaintiff Thomas' case (and that of other Pre-Transition technicians), liability is substantially predicated upon whether he was improperly classified as an independent contractor. That is simply not a question for those

technicians like Muniz who were employed after April 1, 2009. Liability for the latter group will be predicated on whether Defendants' timekeeping system was inadequate or incorrectly reflected the hours actually worked.

Likewise, whether certain deductions were improper will likely be a different inquiry on different sides of the Transition. There is testimony that Pre-Transition technicians improperly had workman's compensation and other insurance deducted from their compensation, while Post-Transition employees did not.

But that does not mean no class can be certified. As Plaintiffs point out (in what appears to be a tacit recognition of their commonality and predominance problems), the class can be bifurcated into two subclasses: Pre- and Post-Transition technicians. *Kartman v. State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883, 888 (7th Cir. 2011) (noting district courts may devise imaginative solutions to resolve problems created by class actions).

This is an apt solution, particularly because, beyond the Pre- and Post-Transition divide, Defendants do not specifically identify any commonality or predominance problems. In a throwaway line, Defendants urge that "the fact that Thomas and Muniz were classified differently is not the only concern, but also that the differences in their treatment and experience are

so numerous and not representative of the class that individualized inquiries will be needed as to each class member." Defs.' Resp. 11. Yet Defendants offer no examples of how, beyond the Pre- and Post-Transition issue, commonality and predominance is a problem. As Plaintiffs point out, Defendant Hernandez himself testified that all Pre-Transition technicians "all did the same thing," just as all Post-Transition technicians likewise were governed by the same policies and rules. Defs.' Reply, Ex. A at 198-199.

Common questions of fact remain, such as whether Defendants failed to keep accurate time records, whether they failed to pay overtime, and whether they made improper deductions from technicians' compensation. Class action remains the most efficient way to resolve this litigation.

The Court notes that the split begs the question of whether the Post-Transition subclass may still press the Illinois Employee Classification Act charge (since liability is premised on misclassifying employees as independent contractors and it is undisputed that those in the Post-Transition subclass were classified as employees), but the Court declines to *sua sponte* dismiss this charge without giving the parties an opportunity to resolve the issue or brief it.

## B. New Class Definitions

Obviously, creating two subclasses means that Thomas is no longer representative of those technicians in the Post-Transition period, and Muniz is no longer representative of the Pre-Transition period. Each must now represent his separate class.

The subclass definitions remain largely the same except to insert a time period modifier.

Subclass 1 becomes:

All individuals who are currently employed or were employed *before April 1, 2009* by one or more of the Defendants, its subsidiaries or affiliated companies, in the state of Illinois as a technician or other position performing similar responsibilities for the Defendants at any time during the relevant statute of limitations period.

Subclass 2 becomes:

All individuals who are currently employed or were employed *on or after April 1, 2009* by one or more of the Defendants, its subsidiaries or affiliated companies, in the state of Illinois as a technician or other position performing similar responsibilities for the Defendants at any time during the relevant statute of limitations period.

Given that the parties have identified about 400 technicians falling into the original class as proposed, the Court assumes splitting it will not affect the numerosity of either class. If that is not, in fact, the case, certification may always be revisited. Additionally, there is no suggestion by the parties that these two subclasses' interests would be at odds, or that those class members who span both subclasses face discrete

factual inquiries, but again, the Court reserves the right to address the class certification issue again should this configuration prove troublesome.

## IV. CONCLUSION

For the reasons stated herein, the Plaintiffs' Motion to Certify the Class is granted, consistent with the configuration outlined above.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

**DATE:** 8/17/2012