THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEX THOMAS and JESUS MUNIZ, Individually, and on Behalf of All Others Similarly Situated, ) ) ) ) | |
| Plaintiffs, ) ) | Case No. 10-CV-05093 |
| v. ) ) | Judge Harry D. Leinenweber |
| MATRIX COMMUNICATION SERVICES, INC., and ANTHONY HERNANDEZ, ) ) ) | Magistrate Judge Finnegan |
| Defendants. ) | |

**ORDER GRANTING FINAL APPROVAL OF**
**CLASS SETTLEMENT**

On February 12, 2014, the Court heard a motion for final approval of a settlement of a class action by plaintiffs ALEX THOMAS and JESUS MUNIZ (collectively, "Named Plaintiffs" or ("Class Representatives"), on behalf of themselves and all others similarly situated and MATRIX COMMUNICATION SERVICES, INC., and ANTHONY HERNANDEZ, (collectively, "Defendants"). The Court has considered the Joint Motion for Final Approval of Class Settlement and other related materials submitted by the parties, as well as the parties' presentation at the hearing on final approval, and otherwise being fully informed in the premises, hereby finds and orders as follows:

1. Unless otherwise defined herein, all terms used in this Order (the "Final Approval Order") will have the same meaning as defined in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1367, including jurisdiction over all members of the Settlement Class.

3. The Court finds that the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(a) and is maintainable under Rule 23(b)(3) for purposes of settlement of this action only. In so finding, the Court does not determine whether the certification of the class would remain proper under the more stringent standard that requires a showing of, *inter alia*, manageability.

4. Solely for purposes of settlement, the Court also certifies this case as a collective action under Section 16(b) of the Fair Labor Standards Act ("FLSA") defined as follows:

> All individuals who are currently employed or were employed by one or more of the Defendants, their subsidiaries or affiliated companies, in the state of Illinois as technicians or other positions performing similar responsibilities for the Defendants at any time during the relevant statute of limitations period.

5. The Court confirms the appointment of Named Plaintiffs Alex Thomas and Jesus Muniz as Class Representatives, and the Court confirms the appointment of Stephan Zouras LLP and Jac A. Cotiguala as appointed Class Counsel.

6. The Notice Regarding Proposed Settlement of Class Action ("Class Notice") and related materials (collectively, "Notice Materials"), sent to the Class Members via First Class Mail adequately informed the Class Members of the terms of the Settlement Agreement, their estimated recovery if the Settlement was approved, the process available to them to obtain monetary relief, their right to request exclusion from the Class and pursue their own remedies, their right to opt-in to the Settlement pursuant to the FLSA, and their opportunity to file written objections and appear and be heard at the Final Approval Hearing. The Notice Materials also adequately informed the Class Members of the toll-free telephone number established by the settlement claims administrator, Gilardi & Company, LLC ("Settlement Administrator"), and informed the Class Members of the contact information for Class Counsel. Thus, the Court finds

that the Notice Materials provided to the Class satisfied the requirements of Fed. R. Civ. P. Rule 23(e)(1)(B) and the FLSA .

7.     The Court finds that the settlement memorialized in the Settlement Agreement, and filed with the Court, is fair, reasonable and adequate, and in the best interests of the Class Members. The Court finds that: (a) the strength of the Named Plaintiffs' and Class Members' claims weighed against Defendants' defenses, and the complexity, length and expense of further litigation, support approval of the Settlement; (b) the payment of $100,000.00 as set forth in the Notice Materials is a fair, reasonable and adequate settlement of Named Plaintiffs' individual claims and the claims of the Class; (c) the Settlement was reached pursuant to arm's-length negotiations between the parties; (d) the support for the Settlement expressed by Class Counsel and counsel for Defendants', who have significant experience representing parties in complex class actions, including those involving wage and hour claims, weighs in favor of approval of the Settlement; (e) the absence of any objections to the Settlement by Class Members supports approval of the Settlement; and (f) the litigation has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation.

8.     Pursuant to the terms of the Settlement Agreement, Defendants' will pay an amount equal to the Court approved Class Representative Service Payments, Court approved attorneys' fees and costs, costs incurred by the Settlement Administrator, and the Net Settlement Amount into the Qualified Settlement Fund set up, held and controlled by the Settlement Administrator within sixty (60) business days of entry of this Order.

9.     The Class Representative Service Payments of $2,500.00 each to Alex Thomas and Jesus Muniz, as set forth in the Settlement Agreement, are approved and shall be awarded

and paid from the Qualified Settlement Fund according to the procedures set forth in the Settlement Agreement.

10. Class Counsel is awarded $40,000.00 for attorneys' fees and costs and will receive such payment from the Qualified Settlement Fund according to the procedures set forth in the Settlement Agreement.

11. Participating Claimants shall receive their settlement shares according to the procedures set forth in the Settlement Agreement. Any unclaimed funds shall be distributed on a pro-rata basis, as defined in the Settlement Agreement, to Participating Claimants pursuant to the formula set forth in the Settlement Agreement.

12. The Court approves the payment of $10,000.00 as reasonable costs incurred by the Settlement Administrator from the Settlement Fund according to the procedures set forth in the Settlement Agreement.

13. The Court orders that any Class Member who did not timely submit an Election to Opt-Out of Settlement and Class Action Form is bound by the terms of the Settlement Agreement and fully releases and discharges Defendants, and all other Released Parties set forth in the Settlement Agreement, from all actions or causes of action, whether known or unknown, that the parties agreed to release in the Settlement Agreement, but that such Class Members have not released and discharged their FLSA claims against Defendants. Further, any Class Member who did not timely submit an Election to Opt-Out of Settlement and Class Action Form is not entitled to participate in the monetary portion of the Settlement.

14. The Settlement Administrator has informed the Court that no one timely filed an opt-out form.

15. The Settlement Administrator informs the Court that 53 individual claim forms have been timely submitted as provided for in the Settlement Agreement. These individuals are bound by the terms of the Settlement Agreement and are entitled to participate in the monetary portion of the Settlement. These individuals who affirmatively opted-in to the Settlement have fully released and discharged Defendants, and all other Released Parties set forth in the Settlement Agreement, from all actions or causes of action, whether known or unknown, that the parties agreed to release in the Settlement Agreement, including their FLSA claims against Defendants and all other Released Parties set forth in the Settlement Agreement that the parties agreed to release in the Settlement Agreement.

16. Neither this Order, the Settlement Agreement, nor any other documents or information relating to the settlement of this action shall constitute, be construed to be, or be admissible in any other proceeding as evidence: (a) that any group of similarly situated employees exists to maintain a class action under Rule 23 of the Federal Rules of Civil Procedure (or comparable state laws or rules) or collective action under the FLSA; (b) of an adjudication of the merits of the case; (c) an adjudication of any of the matters released in the Settlement Agreement; (d) that any party has prevails in this case; or (e) that Defendants have engaged in any wrongdoing.

17. This Court grants final approval of the Settlement.

18. This matter is dismissed with prejudice, without any cost to any of the parties except as provided in the Settlement Agreement. The Court retains jurisdiction for one hundred and twenty (120) days after entry of this Order solely for the purpose of implementation and enforcement of the terms of the Settlement.

      19.      The Clerk is directed to enter judgment consistent with this Order and close the file.

IT IS SO ORDERED.

Dated: February 12, 2014

                                          The Honorable Judge Harry D. Leinenweber
                                          United States District Court Judge